THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE FELIX RAMIREZ CABRERA<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CLINTON COUNTY CORRECTIONAL FACILITY<br><br>Respondent. | : | 3:26-cv-2863<br>(JUDGE MARIANI) |

**MEMORANDUM OPINION**

Petitioner Jose Felix Ramirez Cabrera ("Petitioner"), a citizen of Mexico, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Upon development of the factual record, it has become clear that Petitioner is mandatorily detained pursuant to a reinstated final order of removal under 8 U.S.C. § 1231. Thus, the Court will deny the petition.

## I. BACKGROUND

Petitioner initially entered the United States at an unknown time and place as a teenager, prior to 1998. (*See* Doc. 4-2 at 4 (noting criminal charge without disposition in 1998)). He was subsequently removed from the United States on June 25, 2001, pursuant to an expedited order of removal after presenting inaccurate personal identification documents at a port of entry in Laredo, Texas. (*See* Docs. 4-3, 4-4). Petitioner re-entered

the United States at an unknown point thereafter, and he has remained for many years, raising three children here. (Doc. 4-2).

On or around September 23, 2026, Petitioner was arrested by ICE agents pursuant to a warrant of removal. (Doc. 4 at 11; *see also* Doc. 4-7). On September 26, 2026, Petitioner filed the present petition for writ of habeas corpus. (Doc. 1). Petitioner is detained at Clinton County Correctional Facility within the Middle District of Pennsylvania and names as Respondent the Warden of Clinton County Correctional Facility. (*Id.*). Petitioner's counsel initially alleged, upon information and belief, that Petitioner was not subject to a final order of removal, and the basis for his detention was unknown. (*See* Doc. 1 at 1–2). Petitioner sought his immediate release from custody or a bond hearing. (*Id.*) However, as articulated below, the initial pleadings upon information and belief appear to have been underdeveloped or inadvertently mistaken.

Respondent seeks dismissal of the petition because Petitioner is, in fact, subject to a final order of removal. (Doc. 4 at 1–2). Specifically, because Petitioner was previously removed from the United States in 2001, he is allegedly subject to reinstatement of his prior final order pursuant to 8 U.S.C. § 1231(a)(5). Respondent asserts that the Court cannot grant habeas relief because Petitioner is detained pursuant to 8 U.S.C. § 1231, which provides for a 90-day mandatory detention period—during which the Government may effectuate removal—for non-citizens subject to a final order of removal. (*See generally* Doc. 4).

Upon receipt of Respondent's submissions, Petitioner appears to admit that he is subject to a final order of removal and that his detention is not unconstitutionally prolonged in violation of his right to due process. (*See* Doc. 10 at 4 ("The brief detention to date and § 1231(a)(2) present substantial obstacles to immediate release.")). Although he maintains his initial request for release "if the Court finds a legal or constitutional defect warranting it," (Doc. 10 at 5), Petitioner does not in his traverse articulate any legal or constitutional defects that undercut his mandatory detention under 8 U.S.C. § 1231. (*See, e.g.*, Doc. 10 at 2 ("Petitioner does not contend that an erroneous subsection citation, standing alone, requires release, or that detention has already become prolonged.")).

## II. STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal

habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III. ANALYSIS

### a. Petitioner's detention is mandatory because he is subject to a final order of removal.

Respondent claims the Court must dismiss the petition because Petitioner's detention falls within the 90-day removal period provided by 8 U.S.C. § 1231(a) and is thus mandatory. The Court agrees. Because Petitioner is still within the 90-day removal period, his detention is mandatory, and the Court cannot grant him habeas relief at this time.

Section 1231 provides, in relevant part:

> **(a) Detention, release, and removal of aliens ordered removed**
>
> **(1) Removal period**
>
> **(A) In general**
>
> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
>
> **(B) Beginning of period**
>
> The removal period begins on the latest of the following:
>
> **(i)** The date the order of removal becomes administratively final.
>
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
>
> **(C) Suspension of period**
>
> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the

> alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.
>
> **(2) Detention**
>
> **(A) In general**
>
> During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

8 U.S.C. § 1231(a).

Petitioner was initially ordered removed on June 23, 2001. (Doc. 4-3 at 2). That removal order was reinstated on September 23, 2026. (Doc. 4-6 at 2). Petitioner has not submitted any evidence to dispute that his removal order is final and proper.

"Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day removal period." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). "The removal period begins on the latest of three dates: (1) the date the order of removal becomes administratively final, (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement." *Id.* (citing 8 U.S.C. § 1231(a)(1)(B)). "During the removal period, detention is mandatory." *Id.* (citing 8 U.S.C. § 1231(a)(2)). Here, Petitioner's removal period commenced on September 23, 2026, when he was released on bail from criminal detention, (Doc. 4 at 3), which is the latest of the aforementioned possible removal period commencement dates. *See* 8 U.S.C. § 1231(a)(1)(B)(iii).

Because Petitioner is still within the 90-day removal period set forth in 8 U.S.C. § 1231(a)(1)(B), and the Supreme Court has found that less than six-months of post-removal detention under the statute is presumptively reasonable, the Court cannot grant Petitioner habeas relief at the time.[1] *See Vargas Chacon v. Rokosky*, 2026 WL 1048383, at *1 (D.N.J. Apr. 17, 2026) ("Because his current detention falls within the statutorily mandated removal period and does not otherwise violate the Constitution, the Petition is denied.").[2]

**b. Petitioner's pleadings regarding his lack of a reasonable fear determination do not provide grounds for habeas relief.**

Although Petitioner does not offer grounds to dispute the lawfulness of his detention, Petitioner, in his traverse, "requests prompt production of [additional] records," including to challenge Respondent's alleged failure to determine Petitioner's fear of removal to Mexico (and thus institute a withholding of removal). (Doc. 10 at 2–3). The Court will not, at this time, direct Respondent to produce additional records. First, and most importantly, a habeas petitioner, not the Respondent, bears the burden of proving entitlement to release. *Goins*, 464 F.2d at 949. Second, the challenged procedural deficiency—i.e. failure to

---

[1] The Supreme Court has interpreted 8 U.S.C. § 1231(a) to limit post-removal order detention to a period "reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court found that a detention period of six months was "presumptively reasonable." *Id.* at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

[2] To the extent Petitioner has not been removed upon the expiration of six-months from his final order of removal—i.e. on or around March 23, 2027—he may file a successive habeas petition pursuant to 28 U.S.C. § 2241.

determine Petitioner's fear of removal to Mexico and institute withholding of removal to Mexico—would not actually provide any basis to challenge the legality of Petitioner's detention. The Supreme Court has firmly held that even noncitizens who successfully demonstrate reasonable fear of removal to a certain county are still subject to mandatory detention, even if an immigration court finds withholding of removal is proper. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 536 (2021) ("If an immigration judge grants an application for withholding of removal, he prohibits DHS from removing the alien *to* that particular country, not *from* the United States. The removal order is not vacated or otherwise set aside. It remains in full force, and DHS retains the authority to remove the alien to any other country authorized by the statute." (emphasis original)). The proper avenue to challenge Respondent's failure to make a reasonable-fear determination is not through a habeas petition—it is through the immigration courts. Petitioner's request for additional documents, or to hold in abeyance a decision on the habeas petition, exceeds the scope of habeas relief and does not properly challenge the basis for Petitioner's detention.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be denied. A separate Order follows.

Robert D. Mariani
United States District Judge